No. 49

MARTIN, Trustee v. STEINKE

Ohio Appeals, 9th Dist., Summit Co.

No. 1012. Decided Nov. 16, 1925

480. EVIDENCE—Oral evidence not for purpose of contradicting or varying terms of original subscription; but for purpose of showing that no contract existed, is admissible.

1125. SUBSCRIPTIONS—When subscription is delivered to agent of company with oral agreement that it was not to become effectual until notice by subscriber, he (subscriber) it not liable to trustee in bankruptcy representing creditors, unless it becomes apparent that creditors extended credit to said company in reliance upon said subscription and without notice of said oral condition.

PARDEE, P. J.

Edgar Martin, trustee in bankruptcy of the Greenwich Rubber Co., brought suit in the Summit Common Pleas against Carl Steinke to recover $1000 for stock claimed to have been agreed to be paid for; and when Steinke was asked to pay for said stock according to terms of the subscription, he refused and neglected to do so.

Steinke answered denying the allegations generally; and further averred non-compliance with the Blue Sky law as to certification of its stock before obtaining alleged subscription; that he never authorized the subscription contract be delivered to the company by the agent with whom the agreement was made; and that the corporation had not incurred obligations and that no creditor dealt with it upon the faith of his subscription. The lower court rendered a verdict in favor of Steinke and the case was prosecuted to the Court of Appeals which held:

1. The evidence shows that the subscription was signed and delivered with an oral understanding with the president of the corporation and Steinke, that same was not to be binding upon Steinke until after he had notified said president that it was to be a binding obligation.

2. It is further shown that Steinke never notified said president that he intended to have the subscription become a binding obligation upon him. But the complaint is made that the admission of oral evidence to sustain Steinke's claims was improper and constituted prejudicial error.

3. This is not so. This evidence was admitted not for the purpose of varying the terms of the subscription; but for the purpose of showing that there was no contract; and oral evidence under these circumstances may be admitted to show the situation at the time the subscription was signed and delivered. 21 OS. 155.

4. There can be no question but that said company was insolvent at the time it was declared a bankrupt and corporate insolvency is, as a rule, a bar to the recission of a subscription contract.

5. Steinke does not claim that the subscription was obtained by fraud or that it was a conditional one, but his defense is that it was a conditional delivery of a stock subscription.

6. For Martin, as trustee in bankruptcy, to maintain his action for the benefit of the creditors of said company, it would be necessary for him to prove that said creditors extending credit, knew of the subscription and did not know of the oral condition attached thereto; or such a state of facts as would amount to an estoppel and prevent Steinke from claiming benefits of the oral condition attached to said subscription.

7. "The burden is upon the party who relies upon estoppel, to prove clearly and unequivocally every fact essential to the estoppel." Kroll v. Close, Adm., 82 OS. 190.

8. The evidence failing to show any facts

which would or should estop Steinke from asserting the oral contract, he is entitled to his rights as against Martin which he would otherwise have had, had the company not become insolvent.

Judgment affirmed.

Attorneys—Burch, Bacon & Delinger and Wilcox, Berk & Harvey for Martin, trustee; Musser, Kimber & Huffman for Steinke; all of Akron.